DAVIS, Circuit Judge,
concurring:
I concur fully in Judge King’s fine opinion for the panel. I simply note that no one doubts that the Appellants, dedicated former public servants who spent a career in law enforcement regularly putting their lives on the line, are deserving of every consideration. As the panel opinion notes, it appears that the Supreme Court of North Carolina, in ways that vary significantly from the approach of federal courts, has been especially solicitous of Contracts Clause claims asserted in a wide range of circumstances by government employees against their state and local employers. See, e.g., Faulkenbury v. Teachers’ and State Employees’ Retirement System of *646 North Carolina, 345 N.C. 683, 483 S.E.2d 422 (1997). Nevertheless, like the district court, this court simply cannot blink at the fact that when the North Carolina legislature amended the Supplemental Retirement Fund in 1959, it expressly conditioned such benefits on the availability of funds, and it did so in a manner that did not impose any statutory duty on the City of Gastonia. Though the City touted the existence of the fund and no doubt used it as a part of its overall recruitment strategy to hire law enforcement officers, it is clear that, throughout the fund’s existence, the burden of its continuing viability was placed squarely on the shoulders of its Trustees.
Notably, two of the Appellants actually served long terms as Trustees of the fund and were actively involved in earnest attempts to forestall the fund’s collapse. The record shows that up until the bitter end, neither the Trustees nor any one else ever suggested that the City of Gastonia was legally obligated to come to the fund’s rescue. This belatedly-filed litigation against the City of Gastonia is entirely understandable, given the circumstances. Nevertheless, the Appellants’ claims fail as a matter of law.
The failure of the Trustees to stave off the demise of the fund was not for want of sincere efforts; it was a political failure that does not in any manner lessen the moral imperative that clearly underlies the Appellants’ claims. Yet, that said, for the reasons stated in the panel opinion, we have no warrant to upset the district court’s sound legal determinations.